

**NUMBER 13-12-00594-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ALEX BRITINI SMITH,**                                        **APPELLANT,**

**v.**

**THE STATE OF TEXAS,**                                        **APPELLEE.**

---

**On Appeal from the County Court at Law No. 2
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion Per Curiam**

Appellant, Alex Britini Smith, attempted to perfect an appeal from a conviction for assault.   We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed on February 16, 2012, and counsel filed a motion for new trial on January 23, 2012.   The trial court granted a motion for new trial on

May 9, 2012. The State filed a notice of appeal on May 24, 2012[1], and appellant filed a cross-notice of appeal on May 30, 2012. On July 5, 2012, the trial court entered an "Order Granting Motion to Declare Order Granting New Trial Void for Lack of Jurisdiction." On October 4, 2012, this Court issued an opinion granting the State's motion to dismiss and ordered appellant's appeal severed into this appellate cause number.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. See TEX. R. APP. P. 26.3.

On October 4, 2012, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. Appellant was advised that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. To date, no response has been received from appellant.

Appellant's notice of appeal was due to have been filed on or before May 16, 2012. See TEX. R. APP. P. 26.2(a)(2). Appellant filed her notice of appeal on May 30, 2012, but

---

[1] Article 44.01(a)(3) of the Texas Code of Criminal Procedure authorizes the State to appeal an order in a criminal case that grants a new trial. See TEX. CODE CRIM. PROC. ANN. art 44.01(a)(3) (West Supp. 2012).

did not file a motion for extension of time to file her notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, ' 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
13th day of December, 2012.